CATHERINE HOLLAND *vs*. R. I. ROOFING CO., INC.

JUNE 1, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Landlord and Tenant.   Lease Terminated by Fire.*

Where a lease contained the provision that in case the premises were damaged by fire "if lessor shall not elect to repair the same, then this lease shall terminate at the time of such damage," the damage by fire did not render the lease void, but at most it was simply voidable, and by accepting rent for a period following the fire, lessor acted in a manner inconsistent with a purpose to terminate the lease and waived her right to so terminate it.

TRESPASS AND EJECTMENT. Heard on exceptions of plaintiff and overruled.

BAKER, J.   This is an action of trespass and ejectment for the possession of a portion of a building numbered 292 Plainfield street, Providence, and a yard as part of the premises. The facts are briefly stated as follows: One Ella F. Henry let the premises by written lease under seal to the defendant under date of November 9, 1912, for a term of one year from November 15, 1912, with the option on the part of the lessee of extending the lease for a further period of five years upon its expiration. The rent was payable in

equal monthly instalments on the first business day of
each and every month succeeding the date of the lease.
The lease contained a provision that in case the premises be
damaged by fire "if the lessor shall not elect to repair the
same, then this lease shall terminate at the time of such
damage." There was also a provision that the lessor might
terminate the lease for the non-payment of the rent within
ten days subsequent to the time specified for its payment.
The lease was extended in accordance with the option.
There was a fire on May 12, 1915, which damaged the
exterior of the building on the east side for twenty-one feet in
length, and from the ground up to the roof. The building is
fifty feet in length and is two stories in height. Under date
of May 12, 1915, the defendant gave notice of the fire and of
the damage caused thereby to Mr. Elmer B. Henry, son of
Ella F. Henry, and admittedly her agent. On or about
June 6th or 7th the defendant sent Mr. Henry a check post-
dated June 10, 1915, for the rent due June 1st. Mr. Henry
cashed the check and apparently his mother received and
retained the proceeds thereof. While there is no evidence
either way of any formal decision as to repairs, Mrs. Henry
did not repair the damage caused by the fire, and by warranty
deed dated June 7, 1915, but acknowledged and recorded
June 8, 1915, conveyed the land and premises, of which the
leased premises are part, to the plaintiff. The plaintiff,
under date of July 12, 1915, gave written notice to the
defendant to vacate and deliver up the premises described in
the lease on August 2, 1915, and commenced the present
action August 3, 1915. The case was heard in the Sixth
District Court, September 9, 1915, when decision was
rendered for the defendant. It was taken to the Superior
Court on appeal where it was tried October 15, 1915. At
the trial it appeared that the plaintiff rested her right of
possession on the claim that the lease from Mrs. Henry to the
defendant terminated May 12, 1915, when the fire occurred.
At the close of plaintiff's testimony the court, on motion of
the defendant, granted a nonsuit on the ground that Mrs.

Henry by accepting the rent due June 1st had waived her right to terminate the lease on account of the fire. To this decision the plaintiff excepted, and is now before this court on that exception.

(1)     We concur in the decision of the Superior Court. The damage by fire did not render the lease void. It was at most simply voidable in consequence. If we accept plaintiff's claim that in the circumstances the termination of the lease rested entirely with the lessor, then an announcement by her of her intention not to repair and her failure to do so within a reasonable time, or such failure alone would, without more appearing, have terminated the lease. But by accepting rent for the premises for a period following the fire she did something entirely inconsistent with a purpose to terminate the lease as of the day of the fire.     In other words, she waived her right to so terminate it.   No case precisely in point is brought to our notice as the fire clause seems to be peculiar, if not unique. *Doe d. Bryan* v. *Bancks*, 15 English Ruling Cases 561, and *Almy* v. *Greene*, 13 R. I. 350, are suggestive on the point of voidability, while *Smith* v. *Edgewood Casino Club*, 19 R. I. 628, and *Granite Building Corporation* v. *Greene*, 25 R. I. 586, 589, are authorities on the point of waiver.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*James M. Gillrain, James F. Murphy*, for plaintiff.
*Waterman & Greenlaw*, for defendant.
*Charles E. Tilley*, of counsel.